# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Donald Montgomery,<br><br>       Plaintiff,<br><br>v.<br><br>TBC Corporation and John Doe Corporation,<br><br>       Defendants.<br>and,<br><br>TBC Corporation,<br><br>       Third-Party Plaintiff,<br><br>v.<br><br>Expedited Freightways, LLC,<br><br>       Third-Party Defendant. | Civil Action No.: 2:15-cv-3185-MBS<br><br>**ORDER** |

      Plaintiff Donald Montgomery ("Plaintiff") filed this personal injury action in the United States District Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), against TBC Corporation ("TBC") and John Doe Corporation, on August 12, 2015. ECF No. 1. On September 29, 2015, TBC filed an amended answer and third-party action against Expedited Freightways, LLC ("Expedited") alleging, "Upon information and belief, Expedited Freightways caused and contributed to the alleged injuries and damages and is liable for any and all damages alleged in the Complaint." ECF No. 9 at 10. This matter comes before on joint motions of TBC and Expedited to dismiss for lack of prosecution filed November 1, 2016, and December 5, 2016, respectively. ECF Nos. 38, 42.

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

On September 20, 2016, Plaintiff's counsel moved to withdraw from his case. ECF No. 35. On October 3, 2016, the court issued an order allowing Plaintiff's counsel to withdraw, and directing Plaintiff to inform the court of his intention to hire new counsel or proceed *pro se* by October 14, 2016. ECF No. 3. Plaintiff was informed that should he not comply with the court's order, his case would be dismissed pursuant to Fed. R. Civ. P. 41(b). *Id.*

TBC and Expedited filed a joint motion to dismiss for lack of prosecution on November 1, 2016, after Plaintiff failed to comply with the court's October 3, 2016 order. ECF No. 38. The court then issued an order requiring Plaintiff to show cause within fourteen (14) days why his case should not be dismissed for failure to prosecute and failure to comply with the court's orders. ECF No. 39. Plaintiff was again advised that failure to comply with the court's directive would result in his case being dismissed with prejudice. On November 14, 2016, Plaintiff filed a letter responding to the court's order. Plaintiff indicated that he had an appointment with an attorney scheduled for November 28, 2016, and requested additional time to respond to the show cause order once he was able to ascertain if the attorney would take his case. ECF No. 41.

Plaintiff did not update the court after his November 14, 2016, correspondence. As a result, TBC and Expedited filed a second joint motion to dismiss for lack of prosecution. ECF No. 42. An order pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975) was entered on December 9, 2016, advising Plaintiff of his obligation to provide an adequate response to the joint motions to dismiss. On December 14, 2016, Plaintiff filed another letter with the court, stating that he was not going to be represented by the attorney with whom he met on November 28, 2016. ECF No. 46. Plaintiff again asked that the case not "be closed at this time." *Id.*

Because it appeared Plaintiff was proceeding *pro se*, this matter was referred to Magistrate Judge Bristow Marchant in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C. The Magistrate Judge issued an order on December 16, 2016, allowing Plaintiff a final opportunity to alert the court of his intention to hire an attorney or proceed with the action as a *pro se* litigant. The court directed Plaintiff to respond to the order by January 12, 2017. On that date, Plaintiff wrote a letter to the court requesting an extension of time. Plaintiff stated that he was "working on getting an attorney," and needed more time to "get my case together." ECF No. 52.

On January 18, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the joint motions to dismiss be granted with prejudice should Plaintiff fail to respond to the Report. The Magistrate Judge recommended in the alternative that, if Plaintiff indicated his willingness to continue with prosecuting the case, the court should assess fees and costs. ECF No. 53. Plaintiff filed his objection to the Report on February 2, 2017, stating that he is "ready for the case to go forward." ECF No. 56.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonia Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept,

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit to the Magistrate Judge for pretrial handling. 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

When a plaintiff fails to prosecute or comply with court orders, courts are authorized to dismiss an action. Fed. R. Civ. P. 41(b). The Court of Appeals for the Fourth Circuit has developed a four-prong test for courts to consider when determining whether a Rule 41(b) dismissal is appropriate: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of "a drawn out history of deliberately proceeding in a dilatory fashion," and (4) the existence of a sanction less dramatic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920.

In the Report, the Magistrate Judge found Plaintiff continuously failed to comply with court orders, making the degree of personal responsibility of Plaintiff manifest, clearly setting out a "history of deliberately proceeding in a dilatory fashion." ECF No. 53 at 4. Additionally, the Magistrate Judge determined that the continuation of the action "caused the Defendants to incur continuing costs and expenses associated with this lawsuit, including having to file motions to dismiss." *Id*. The Magistrate Judge submits Plaintiff meets all criteria for dismissal under *Chandler*; however, in an attempt to "try and fashion some sanction less dramatic than dismissal," the Magistrate Judge advised that a monetary penalty can be considered by the court. ECF No. 53 at 8.

Plaintiff makes no argument in opposition to the Report in his objections. ECF No. 56. He does, however, respond as directed, indicating that he would like the matter to proceed. *Id*. As a result, the court adopts the Magistrate Judge's recommendation that the court impose a monetary penalty on Plaintiff.

4

## III. CONCLUSION

This court adopts the Magistrate Judge's Report and Recommendation as to TBC and Expedited's first and second joint motions to dismiss. ECF Nos. 38, 42. Defendant TBC is directed to submit an affidavit of fees and costs incurred as a result of having to file motions and briefs because of Plaintiff's conduct within ten (10) days of the issuance of this Order. Additionally, Third-Party Defendant Expedited shall submit an affidavit of fees and costs within ten (10) days of the issuance of this Order, should they choose to do so. Plaintiff shall respond within ten (10) days thereafter, should he desire to do so. Plaintiff is cautioned to comply in the future with all deadlines and orders issued by the court, or be subject to additional sanctions, including dismissal of his case for failure to prosecute or failure to comply with court orders.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina
April 10, 2017